[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is a complaint for intentional infliction of emotional distress against the defendant, the John Hancock Life Insurance Company, in which the plaintiff Rosemary Hagen alleges the following facts.
On October 27, 1992, the plaintiff was asked to do telemarketing for the local insurance agents of the defendant. The plaintiff's immediate supervisor, Michael Federico, became upset about the plaintiff's telemarketing, but the plaintiff was assured by the agency manager that she could perform the work. The following day the plaintiff was discussing a telemarketing lead with an insurance agent of the defendant. Mr. Federico became aware of the conversation and began to scream at the plaintiff about doing the telemarketing for the agents. Mr. Federico forcefully pushed the plaintiff into an adjacent room, barred her from exiting the room and continued to shout at the plaintiff.
On July 6, 1995, the defendant filed this motion to strike the plaintiff's complaint on the grounds that the plaintiff's claim is barred by the exclusivity provision of General Statutes § 31-284 (a) and the allegations in the complaint are not sufficiently extreme and outrageous as to state a claim for intentional infliction of emotional distress.
The defendant first argues that the plaintiff's cause of action is barred by the exclusivity provision within the Worker's Compensation Act and that the narrow exception to exclusivity does not apply because Mr. Federico is not the alter ego of the defendant and the plaintiff does not allege intentional misconduct by the defendant.
Connecticut General Statutes § 31-284 (a) Worker's Compensation Act states:
 "An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as provided under this chapter . . . . . .All rights and claims between employer and employees, or any representatives or dependents of such CT Page 2308 employees, arising out of personal injury or death sustained in the course of employment are abolished other than the rights and claims given by this chapter, provided nothing in this section shall prohibit any employee from securing, by agreement with his employer, additional compensation from his employer for the injury or from enforcing any agreement for additional compensation."
The purpose of the worker's compensation statute is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer. Jett v. Dunlap, 179 Conn. 215,217, (1979). "An intentional tort committed upon one employee by another, which causes personal injury arising out of and in the course of his employment, is covered by the compensatory provisions of the Workmen's Compensation Act." Id., 218. It has been recognized that a narrow exception exists to the exclusivity of the Worker's Compensation Act "when the employer has committed an intentional tort or where the employer has engaged in wilful or serious misconduct." Suarez v. DickmontPlastics Corp., 229 Conn. 99, 106, (1994). That exception has been expanded slightly by including within the definition of "intentional torts" the substantial certainty test, that is an employer may be liable beyond worker's compensation when the employer "desires to cause the consequences of his act, or that he believes that the consequences are substantially certain to follow from it." Suarez v. Dickmont Plastics Corp., supra, 108.
In the present case, Mr. Federico is alleged to be "employed by the defendant John Hancock Mutual Life Insurance Company as the immediate supervisor of the plaintiff Rosemary Hagen, and in this capacity he acted as the agent of the defendant John Hancock Mutual Life Insurance Company." However, the plaintiff fails to make any allegations that would demonstrate that the actions of Mr. Federico were the intended actions of the defendant. Rather, the plaintiff alleges that the agency manager assured the plaintiff that it would be "all right for her to do the telemarketing work involving the local insurance agents of the defendant John Hancock Life Insurance Company." Mr. Federico's actions appear to be in direct contravention of the agency manager's explicit permission to the plaintiff.
The plaintiff argues that the defendant's conduct falls CT Page 2309 within the "substantial certainty" exception to the exclusivity rule because the defendant intentionally placed a supervisor in charge who was "unstable". The plaintiff's complaint, however, contains no such allegation. Considering all well pleaded facts in their most favorable light, to the plaintiff it appears that the plaintiff's complaint fails to allege anything more than an assault on the plaintiff by Mr. Federico as an individual and plaintiff has failed to sufficiently allege a cause of action that would fall within the exception to the exclusivity provision of the Worker's Compensation Act. Further, plaintiff's complaint contains no allegations that demonstrate the intentional misconduct of the defendant or that the defendant was substantially certain that the plaintiff would be assaulted by her supervisor.
In view of these conclusions it is unnecessary to consider defendant's farther claim that plaintiff's allegations fail to demonstrate sufficiently extreme or outrageous conduct to maintain an action for intentional infliction of emotional distress.
Motion to Strike granted.
Wagner, J.